[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2012
JOHN LEY
CLERK

No. 11-12407
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20613-KMM-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BALBINO ARMANDO RAMOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 6, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Balbino Armando Ramos was indicted on charges that he participated in a drug distribution conspiracy involving the importation of three shipments of cocaine and heroin. On the third day of trial, Ramos withdrew his not guilty plea and pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The plea agreement stipulated that his involvement would be limited to no more than 50 kilograms of cocaine, which would be less than the entire drug quantity involved in the three shipments. On appeal, Ramos argues that his 144-month sentence is procedurally and substantively unreasonable. Specifically, he argues (1) that the sentencing court failed to properly calculate the sentencing Guidelines range because it attributed to him more than the 50 kilograms of cocaine contemplated by his plea agreement, rendering his sentence procedurally unreasonable; and (2) that his sentence was substantively unreasonable, primarily because the district court refused to grant a downward variance to credit him for prison time served in error on a prior vacated federal drug conviction.

**I.**

We first consider whether Ramos's sentence was procedurally unreasonable.

Ramos argues that the district court imposed an unreasonably severe sentence by attributing to him almost the total amount of cocaine at issue in the case, even though the evidence at trial showed that he only purchased 10 kilograms of cocaine, and only received drugs from two out of three shipments.  Although the Government stipulated in the plea agreement that Ramos's involvement would be limited to no more than 50 kilograms of cocaine, the district court adopted the pre-sentence investigation report's (PSI) recommendation that Ramos should be held accountable for a total of 59.92 kilograms of cocaine and 8.68 kilograms of heroin, resulting in an increase in his base offense level.  Ramos argues that based on the trial evidence, as well as the plea agreement, the district court erred by relying on the PSI's disputed drug-quantity calculations.

We employ an abuse-of-discretion standard to review a sentence for procedural reasonableness.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  The party challenging the sentence carries the burden of establishing unreasonableness.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  Procedural errors at sentencing may include, among other things, the district court's improper calculation of the Guidelines range, or selection of a sentence based on clearly erroneous facts.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Proper calculation of the Guidelines sentencing range requires consideration

of all relevant conduct. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct should include all acts committed, aided, abetted, procured, or wilfully caused by a defendant, and all reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity that occurred during the commission of the offense. U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(1). The commentary clarifies that, in cases involving contraband, a conspirator's relevant conduct includes amounts directly attributable to the conspirator and "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." *Id.* at cmt. n. 2. "The district court's determination of the drug quantity attributable to a defendant is reviewed for clear error." *United States v. Chavez*, 584 F.3d 1354, 1367 (11th Cir. 2009).

We cannot conclude that the district court's decision to attribute the total amount of the drugs involved in the conspiracy to Ramos was clearly erroneous or otherwise impermissible. Ramos indicated during his plea colloquy that he understood that the terms of the plea agreement were merely advisory, and that the Court retained the ability to impose a sentence that might be higher or lower than the sentence recommended by the Guidelines. Moreover, the evidence at trial demonstrated that it was reasonably foreseeable to hold Ramos accountable for the

4

entire drug quantity involved in all three deliveries, and there is nothing in the record to suggest that Ramos disassociated himself from the conspiracy prior to the third scheduled delivery in October of 2006. Therefore, Ramos cannot show that the district court's decision to hold him accountable for the entire drug quantity involved in the three deliveries was clearly erroneous, and he cannot show that his sentence was procedurally unreasonable.

## II.

If the district court made no procedural errors, then the substantive reasonableness of the sentence is reviewed to determine whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Ramos asserts that the district court's refusal to grant a downward variance from the Guideline range to credit him for prison time he served in error on a prior vacated federal drug conviction resulted in a substantively unreasonable sentence.

The weight given to any § 3553(a) factor is within the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We only remand a sentence when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*,

515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

We are unable to conclude that Ramos's sentence was substantively unreasonable. The district court considered the arguments Ramos made, including the prison time served in error, but decided against granting a downward variance because of Ramos's otherwise extensive criminal history. Moreover, Ramos's sentence of 144 months falls squarely within the applicable Guideline range of 121 to 151 months, and we would ordinarily expect such a sentence to be reasonable. *Talley*, 431 F.3d at 788.

Finding Ramos's sentence to be procedurally and substantively reasonable, we affirm.

**AFFIRMED**.